We will hear argument next in case 24275, Parrish v. United States. Ms. Rice. Good morning, Mr. Chief Justice, and may it please the Court. Courts have long recognized that notices of appeal that are filed early take effect when an appeal clock starts running, so long as they're otherwise sufficient and no one's prejudiced. That principle is consistent with the functional approach this Court takes to notices of appeal. It was applied in First here, Lemke, and Luckenbach. And no one disputes, not the Fourth Circuit, not Mr. Houston, not any other court to my knowledge, that it's consistent with 2107A, which sets the notice of appeal requirement and the default deadline for filing. The Fourth Circuit was wrong to read subsection C as displacing the ripening principle and requiring a second notice in the reopening context only. The principle applies to notices filed after final judgment, just like it does to notices filed before. That's why courts have consistently held that notices of appeal ripen when an extension is granted under 2107C's first sentence. Nothing in the second sentence suggests that notices of appeal work differently for reopening, and requiring a duplicative notice of appeal would serve no conceivable purpose. I welcome the Court's questions. So you don't think that there's a material difference between filing a notice of appeal prematurely as opposed to too late? I do think there's a difference, Justice Thomas. I think filing a notice of appeal too late, as this Court held in Bowles, is a jurisdictional problem. So why isn't this notice of appeal too late? The notice of appeal is certainly too late with respect to the original appeal period. If nothing else had happened, there'd be no argument that the notice of appeal was timely. But there was another appeal period. The reopening was granted here, and it's too early with respect to that reopening period, in the same sense that a prejudgment notice of appeal is too early with respect to the original appeal period. So I'm struggling with your argument. And the reason is because I'm not sure that ripening is really the best way to think about what is happening here. In my view, the notice of appeal was not actually premature. I mean, it was late with respect to the initial period. But lateness doesn't necessarily doom your position, because in this context, we have a separate set of rules that allows for a late filed notice of appeal to be deemed timely if certain conditions are satisfied. And I guess what I keep coming back to in my mind is what happens in district courts every day when people file late. Let's say it's a motion or a brief or whatever, and they have a motion for an extension of time attached to it. It comes in together, the motion for extension of time and the brief they want to file late. And when the court grants the motion, the clerk dockets the brief. There's not like an extra determination that the person needs to refile the brief or it needs to come in, you know, in certain. It's there already because they submitted it along with. So in that situation, I guess I just don't understand. Nobody thinks of it as ripening. These things arrived at the same time, which is sort of what's happening here. The notice of appeal came in, and it was construed as having a motion to reopen as a part of it or construed as being a motion to reopen. So why do we even need ripening to get to the result that you are seeking in this case? I think I agreed with just about everything you said, Justice Jackson. I don't know that there's anything to the concept of ripening as magic words. This court used that language in first year. It also talked about the notices of appeal relating forward. But I don't think there's anything magic about those words. I think the logic that you're articulating is similar to what this court said in Lemke, which is just that a premature notice of appeal is filed within the time. But I guess what I'm saying, it's not premature. Like, these things happened at the same time. The reason why ripening is confusing is because that is a scenario like the one that we talk about. Gosh, I don't have the name of the case right in front of me. But there are times when something will come in before the judgment, for example, and we have to wait for the judgment in order for the notice to take effect. And you say, OK, it ripens at the time that the judgment happens. Here we don't have a separate action that we're waiting for this notice of appeal to be cognizable relative to. Do you understand what I'm saying? I do. It was the same document. It was the same document. It was the same document. It was the same document. So I can't understand why ripening is at play in this situation.  Yeah. I think it's not always the same document. You could file a notice of appeal and then realize you needed to file an extension motion or a motion to reopen. I think that happens, too. You're certainly right that this often arises in the context of pro se litigants. It's often one document. But it doesn't have to be. If it's filed before a motion to reopen, at least before the motion to reopen is granted. I think another way to think about it is the prematurity. It's not with respect to the motion. It's with respect to the granting of the motion. So the motion is filed at the same time as the notice. That's absolutely right. But reopening isn't granted until after the motion is filed. No, I understand. But for motions for extension of time for late filed documents, the same dynamic exists. The motion comes in stapled to the document and the court has to grant the motion in order for the document to be deemed timely. I mean, what we're doing here is just deciding whether this notice of appeal should be deemed timely. And we have rules related to it. It's not timely with respect to the first set of rules. But it could be if the court finds the conditions related to motions for reopen exist. And they do. So, I mean, I just wonder why the court of appeals didn't just dock at this when it came back to them having had the district court find that the motion to reopen was the conditions were granted. I wonder that too, Justice Jackson. I think every other court of appeals would have. These are ordinarily just treated as notices of appeal that have become effective and your language have been deemed timely. They're deemed timely as a result of the conditions. I think that's exactly right. You rely heavily on the background principle. And, of course, Amica says, well, if that background principle controlled throughout, you wouldn't have 4A2 and 4A4, I think, in the rules. And, therefore, that defeats the concept of an overriding background principle. You want to respond to that? Sure. I think part of the confusion there is rules are a little bit different than statutes. Rulemakers sometimes just codify existing practice. Sometimes they just codify statutes almost exactly or decisions by this court. It doesn't mean that the rules are superfluous or aren't doing anything. There's real value added. Even just by pulling them all together in one place, it's much easier to go look at the rules for appellate procedure than to try to search through all the statutes for the relevant rules. So, I think what the committee was doing was codifying common applications of this principle, both in the prejudgment context. The rules just don't speak to this distinct context, which is notices of appeal filed after. And is there any background as to why they codified those particular applications and not other applications? Do we know anything about that? Sure. So, Rule 4A2 was adopted at the same time as the old version of Rule 4A4, which displaced ripening for a short period of time. It said ripening actually doesn't apply in this post-judgment motion context. There were concerns that there might be confusion. Who has control of the case, the appellate court or the district court? So, at the time, the committee created and expressed exception to ripening. I think it made sense to make clear that it actually was preserving that concept in a closely related context. Rule 4A2 survived when the committee changed its mind. It said that hadn't actually worked very well, and it changed Rule 4A4 back in 1993. So, I think that's a little bit of historical context. None of that had anything to do with this post-final judgment context, which doesn't have the kind of interlocutory appeal, final judgment issues that the committee was dealing with. On that score, Mr. Houston suggests that background ripening principles were historically confined to the judgment context, A2, A4, but not to the reopening context. I wanted to give you a chance to address that. I don't think that's right. This court hasn't had a chance to address it in the post-judgment context. But there are cases going back to the 60s where it's been applied in the extension context, which works just like reopening. I don't have old reopening cases for you, Justice Gorsuch, just because reopening wasn't created until 1991. So, we can't go back further than that. But extension, I think, is a pretty good analog, and those cases go back to the 60s. And I don't believe that there's any case that's rejected ripening in the extension context. In that regard, you spoke about interpreting federal rules of procedure being different than interpreting statute. Rules themselves say that we have to consider efficiency, and not to read the rules literally, but with a view to what's just, correct? That's exactly right. I was taken, not taken, but you pointed out that in Scarborough v. Principe, in your reply brief, that we rejected the argument that background principle for pleadings codified in Rule 15c of the Federal Rules of Civil Procedure foreclosed application of background principles to other filings, like fee applications, correct? That's exactly right. So, that's in support of your argument that Congress, usually with rules, is paying attention to just one thing at a time. I think that's exactly right, Justice Sotomayor. Scarborough is, I think, the best example. Chambers is another, where the court held that statutes and rules that address sanctions in certain contexts doesn't displace broader background authority that courts have to sanction litigants. And we're not really even addressing the rules here, are we? Because, as I understand it, the government has waived any objection under Rule 4a6, and it's a claims processing rule. So, really, the question turns on 2107 and the statutory limit. Yep, I think that's exactly right. You don't have to say anything about the rules here if you don't want to, Justice Gorsuch. The Fourth Circuit ruled on jurisdictional grounds. Maybe leave that to the Rules Committee. You could.  The rules just aren't jurisdictional, as you held in Hamer. So, it doesn't matter, actually, if you thought that the rules might require a second notice. And I think there's every indication that the Rules Committee might act on this. They formed a subcommittee to consider it. I'm sorry. You took a step further than I had in my own thinking. So, let me go back to that answer. If we answer it the way that Justice Gorsuch just suggested, we wouldn't reach the substantive question at all. We would just say, since it's a claim processing rule. You still have – I'm sorry. No, no. I don't want to answer your question. No, no. You can do it. Please. No, I expect what Justice Gorsuch was about to say is that you still need to answer the statutory question. If the statute requires a second notice in this context, as the Fourth Circuit held, then the Rules Committee is powerless to expand this court's jurisdiction. So, all you need to hold is that the statute doesn't preclude ripening, and then the Rules Committee can act. You know, I don't think the rules question is hard, so you could address it. You did a better job with it than I would. I mean, why wouldn't we answer the rules question as well? I agree with that. Save a little time, right? Save everybody a little time. At least, you know, as a – If you're correct on your interpretation, it seems like. Yeah. I think it's a pretty straightforward question. I think it would be helpful to say, you know, as a default matter, the rules don't address this, and so it doesn't displace the common law principle. You know, the Rules Committee could act to displace it if it wants to, but absent action from the Rules Committee, that's the principle the court should apply. Well, the rules don't address it in this instance, but they do in others. Others talk about relation forward, and this one doesn't. Shouldn't the expressio unius principle apply here? No, I don't think so, Mr. Chief Justice. These rules codify common applications in a prejudgment context. I think expressio unius recognizes when you're looking at specific enumerations, there's a context. So those rules address certain post-judgment motions and other prejudgment issues. They don't speak to the separate post-judgment context at all. I think the Chief's point, though, is relation forward is mentioned now in two other rules, in Rule 4, in Rule 4. And doesn't that tell us something? I mean, maybe it's wrong. Maybe the Rules Committee wants to change its mind. Maybe it's irrelevant in this case since the government's waived it. But, gosh, normally expressio unius means something in these kinds of contexts, doesn't it? It means something. I think if there were another post-judgment motion, for example, that was not covered by Rule 4A4, you might read into that an intention by the committee to not cover that motion. But this is a different context, and expressio unius usually understands that the decision-making body or the person writing the statute of the rule is addressing the context at hand. And I just don't think that post-judgment notices are. So we should look at A6 in a vacuum without looking at A2 and A4? No, I think A2 and A4 are relevant, and they reflect the Rules Committee's recognition of this background principle. But the fact that there's no rule addressing 4A5, addressing extensions, doesn't mean that ripening doesn't operate in that context. The Rules Committee just hasn't codified that. Thank you. Thank you, Counsel. Justice Thomas? Justice Alito? Do we have any information about the frequency with which the situations addressed by 4A2 and 4A4 arise and the frequency with which the situation present here arises? I don't have any empirical data on that. My sense is that the 4A2 and 4A4 situation arises more frequently. That's part of what prompted the committee to address that issue and to make a rule. This issue, the reopening issue, didn't come to the committee's attention until recently because it doesn't arise very often, and every court had treated it the same way. I don't have any data to back that up, but that's my sense from looking at the cases. Thank you. Justice Sotomayor? Justice King? Justice Gorsuch, any further? Justice Kavanaugh? Justice Jackson? Thank you, Counsel. Ms. Brown? Thank you, Mr. Chief Justice, and may it please the Court. Permitting a premature notice of appeal to ripen when the appeal period reopens is consistent with Section 2107, the rules of appellate procedure, and this Court's precedent. Section 2107 doesn't address premature notices of appeal, but this Court has already recognized that the statute doesn't preclude them. First here held that even though Section 2107 requires filing a notice of appeal after the entry of judgment, a notice filed before judgment relates forward to the day the judgment is entered. Rule 4 likewise confirms that premature notices of appeal can relate forward and requires such treatment in multiple contexts, and this Court's precedents have long instructed courts to disregard technical deficiencies in notices of appeal. Amicus's contrary position would require the Court to hold that filing too early has the same jurisdictional consequences as filing too late, but that's flatly inconsistent with first here, with Rule 4, and common sense. Unlike filing too late, filing too early doesn't disrupt finality or risk prejudice to others. Petitioners' premature filing provided adequate notice here, and there's no basis to require a duplicative filing. I welcome the Court's questions. Is there any difference between your argument and that of petitioners? So not really, and not in any respect that should affect the outcome of the case today. I think petitioners' argument with respect to the way 4A2 and 4A4 are interpreted might be slightly different. We do take those two rules to be the only circumstances in which prejudgment notices of appeal can relate forward or in which a notice of appeal filed while certain prejudgment motions are pending can relate forward. I think in some parts, at least, of the petitioner's reply brief, they suggested those rules may not cover the waterfront even in the circumstances that they address. We do take those rules to be codifying and displacing any inconsistent practices within those two contexts, but when the rules do not address the particular context, which is the case here, we think that that background judicial principle that promotes ripening or that preserves this kind of ripening in relation forward continues in effect. You mean so if there were another post-judgment motion that wasn't on this list, that's where you're distinguishing your position? So I do take the petitioner this morning to have said, or my friend this morning to have said, that if there were another post-judgment motion, then maybe 4A4 wouldn't apply and ripening wouldn't apply. Okay, and that's where you're distinguishing your position. We agree with that, but I understood the reply brief, the petitioner's reply brief, to indicate that in certain contexts where there's a prejudgment, that there might be additional circumstances not covered by the rule where relation forward or ripening would still be permissible. And Ms. Brown, what do you think about Justice Gorsuch's point that we don't need to address Rule 4 because the government has waived that, that we should just address the statute? Do you have a view? So I do think that that is correct, that this court could take a very narrow approach to this decision and just hold that Section 2107 does not itself preclude relation forward in this context, and that to the extent the rules might suggest that relation forward is not permissible here, those aren't jurisdictional. The government waived any argument about relation forward in this context or about the need for a duplicative notice of appeal, and therefore that waiver controls and could reverse. We do think it would be helpful for the court to recognize the existence of this background principle. It has been the rule that's been applied in five circuits. We don't see any issues with that. And, of course, so long as the court holds that the statute doesn't preclude relation forward, the advisory committee can continue its work and can continue studying this issue and propose a rule that this court could then approve as well. What does that do to Amikai's argument that it's a matter of discretion for the Fifth Circuit, that even though you waived it, that they could still say, we just won't accept the waiver? So that's inconsistent with this court's precedent. In Wood v. Hilliard, the court has held that it would be an abuse of discretion for a court to disregard the government's waiver of any non-jurisdictional defense. And so we don't think that that is an available alternative argument for affirmance in this case. But not addressing the rule of question leaves open the possibility that in the future the government could refuse to waive. That's correct. And we think that that would be another basis for the court to just ensure, to just clarify to the extent that there's any lack of clarity, although the other circuits have all held consistent with what we've said today, that relation forward here is permissible and is the correct result. It's the background principle that governs the interpretation of the rule. Thank you. Your difference is I just want to clarify on what you're saying. Other rules that don't expressly mention relation forward don't contain a relation forward element? No. I apologize for the confusion. No, I'm sure it's me. What I was trying to clarify is that we do think that with respect to Rule 4A2 and the way that this court interpreted that rule in first tier, those are the only circumstances in which relation forward can apply for prejudgment notices of appeal. I take Petitioner's reply brief to state that courts have continued to apply a broader kind of background interpretation or a broader background principle allowing relation forward, even in contexts that wouldn't be directly covered by 4A2. And we think that Rule 4A2 does cover the waterfront at least for appeal. So how do we know? And can you give me an example of the differences? Sure. So the opinion from the D.C. Circuit in outlaw really kind of lays this out. Before Rule 4A2 was adopted, there was a preexisting line of precedence that had applied this background principle that it held that any time there's a notice of appeal after kind of any decision, that would be permitted to relate forward to final judgment so long as final judgment had occurred before the court of appeals acted. And first tier limited that in some ways to suggest that the decision had to be one that would be appealable so long as judgment were entered right after that. And so we think that that narrower class of decisions is the class that's covered by Rule 4A2 and that the background principle is displaced as to the earlier precedence. Do you think that the Rules Committee might have something profitable to say about how far this relation forward principle might obtain in 4A6 context too? I certainly think that the Rules Advisory Committee will have the ability to study this issue and can take into account any comments that come from practitioners or can look at the different contexts in which this arises and may well choose to provide a more limited relation forward principle or to displace it altogether. But unless and until the Rules Committee acts, I do think that that background principle that provides for ripening should be applied. They can't overrule what we do. So long as the court doesn't say that it's compelled by the statute, I think that they actually can displace it. If you recognize this as a background principle, that doesn't mean that it's a background principle that can't be replaced by the rules themselves. Fair enough. Ms. Brown. Thank you. I guess I'm just really hung up on the characterization of this as a premature notice of appeal. And I totally see relation forward and all of that analysis in a situation in which the notice of appeal is filed before the judgment. The judgment has to be forthcoming in order for us to give any life to the notice of appeal. And so then you have a whole analysis as to what happens once the judgment occurs. Can you help me to see how that is analogous to what is happening here where the motion to reopen and the notice of appeal are the same document? And I think it's filed late. The notice of appeal in this case is outside the window of when you're supposed to file a notice of appeal. Right. So I think that the best way to understand this is that it's both too late and potentially too early. It's too late with respect to the appeal period that has, of course, already expired. But it's too early with respect to the possible potential reopened appeal period that might occur. I understand that part is confusing to me because it came in at the same time. The same time as the motion. Yes. But not at the same time that the motion is granted. And so once the motion is granted, the idea of relation forward is that we think of the date on which the motion was filed and the notice of appeal was filed, and we allow for it to relate forward. No, I understand. But we don't do that with respect to other motions that are filed potentially too early relative to when they are granted. I mean, you know, we don't do that. And so it's just a weird thing to suddenly say that even though this motion and the document to which it relates were filed at the same time, we're going to somehow give, you know, life to the notion that you don't grant the motion until later. And so then we say the document has to catch up with that in some way. So I think that this probably comes from the statutory text here, which states that the motion to reopen grants an appeal period for 14 days from the date on which the motion was granted. I understand. But wouldn't the simplest, most straightforward way to deal with this is just to clarify in interpreting the statute in a situation like this one, in which the motion and the document arrive at the same time, that 14-day period is obviously satisfied. It's here. I think that's consistent with what we're saying with respect to the relation forward principle. It may just be different in kind of the terminology that you're using. The way I've thought about it is that any defect of prematurity in this area is effectively cured by the fact that you're just holding on to the premature notice of appeal until the motion to reopen is granted. And it's only given effect when that motion is granted. And so any defect that existed prior to that point disappears at that later date. I guess they seize on the literal text, right? Correct. Right. Time to file. Right. And we don't dispute that that may be the circumstance that Congress had foreseen that may happen in these contexts. But now this rule is a rule that operates almost exclusively for pro se litigants and really almost exclusively for pro se prisoners who are filing by mail versus filing electronically. And for those litigants, I think it is a more common circumstance to be filing both of the documents at the same time. Sometimes, in fact, you have a litigant who does exactly, I think, what Justice Jackson was suggesting and files the motion to reopen, attaches a notice of appeal to that and says, please hold this notice of appeal and allow for it to be effective only if and when you grant the motion to reopen. We don't think that there's any problem with that kind of practice, but we also don't think there's a basis to distinguish that practice from a scenario where you have a litigant who just isn't sophisticated enough to specifically ask for that kind of treatment. What would you say about the differences between 4A2 and 4, which expressly mention relation forward in A6, which just doesn't? So I take the same position on that as I think my friend did. I do think that when the Rules Advisory Committee and when the rulemakers were adopting Rule 4A2 and 4A4, they were doing so against the preexisting backdrop of this ripening principle and of this relation forward principle. And they acted when they wanted to displace that in certain respects, with respect to 4A4 specifically, and I think for 4A2, when they wanted to adopt to codify some of those practices, but maybe not necessarily all of the practices. But where they're not acting, that we, I think, read that to mean that the preexisting judicial practice remains in place. And I do think that's consistent with the Scarborough case that Justice Sotomayor was referencing as well. Even though express—what about expressio unius? So I take the expressio unius point, and I think that that supports our reading of 4A2 to provide the exclusive opportunities for relation forward in the context that it's speaking to, which is the context of prejudgment notices of appeal. But this is not a prejudgment notice of appeal, and I don't take the rulemakers to have disrupted or displaced the preexisting practice in that area. And as you point out, A6 applies predominantly to prisoners and pro se litigants. At this point, yes. At this point. And the government waived compliance with A6 in this case.  And it's really only one circuit we're talking about where this is an issue. Is it the government's practice in that circuit to waive? I'm not familiar with—this honestly doesn't come up that frequently, even for us. I do think it's a very rare set of circumstances that has to occur in order for this to be the— Yeah, but is this a one-off waiver, or is this the government's view? I mean, I think, as far as I know, our position has been in this area that we don't think a duplicative notice of appeal is required. When we feel like we've got sufficient notice, we're happy to move forward with the merits of the appeal. Thank you, counsel. Justice Thomas, anything further? Justice Alito? Justice Sotomayor? 4A language was necessary in part because the rule actually required a filing of the notice of appeal after judgment, correct? That's correct. And we don't have similar language here. I don't take—so it's true that Section 2107C does not specifically require filing anything within that 14-day period. Exactly. I think it is implicit in that language that there will be a notice of appeal filed at some point. Well, but I'm thinking of—which happens all the time—employment applications. I get notices all the time. You have X number of days to apply the day after there's an announcement there's been an extension. I don't think anybody reads that as requiring all the pre-deadline applications to be resubmitted, correct? So I agree with that. I do think there's a very common-sense understanding here that something that comes in too early just shouldn't be treated the same way as something that comes in too late. You don't have the same concerns with disrupting finality or with prejudice to other parties. Because what's being appealed is that judgment, and it's known what it is.  Thank you. Justice Kagan? Justice Gorsuch? Ms. Kavanagh? Justice Barrett? Justice Jackson? Thank you. Thank you, counsel. Mr. Houston? Mr. Chief Justice, and may it please the Court, Section 2107C is unmistakably clear about what a litigant must do when he misses both the regular notice of appeal window and the time to request an extension. That would-be appellant must proceed in two steps. First, file a motion in the district court to reopen and demonstrate the relevant factors. And second, after entry of the order on that motion, file a notice of appeal within the next 14 days. The Solicitor General agrees in their reply brief that that process is the plain meaning of the statutory text. And that text does not permit Petitioner here to be excused from the second step, filing the notice of appeal after the reopening window, just because he filed the wrong document at step one. The lower courts exercised discretion to overlook Petitioner's step one mistake, and they created a window for Petitioner to file a timely notice of appeal. But Petitioner did not take advantage of that reopened window, and he has never offered a justification for failing to do so. The Court of Appeals thus correctly determined that it lacked appellate jurisdiction because Petitioner never filed a timely notice of appeal during any window when Congress authorized that notice to be filed. Any other conclusion would violate Rule 26b-1's instruction that courts, quote, may not extend the time to file a notice of appeal except as specifically authorized by Rule 4. Now, Rule 4, as we've discussed, does contain two enumerated exceptions validating premature notices of appeal in certain limited circumstances. But as the Court explained in first tier, those exceptions codify a much more limited practice than the one advocated certainly by Petitioner. They codify a practice of excusing reasonable mistakes about when the notice of appeal should be filed. A reopening situation does not give rise to any similar reasonable doubt because the statutory text is incredibly clear about the process for filing notices of appeal here. The judgment of the Court of Appeals should be affirmed. I welcome the Court's questions. Would you comment briefly on the government's and Petitioner's characterization of this as the notice of appeal being premature? Yes, Justice Thomas. So I think I agree with my friend Ms. Brown from the Solicitor General's office that the notice was both too late and too early. And again, I think that the statutory text sets up a process here, not the rule text. We're not relying on the rule. We're relying on the statutory text. The statutory text sets up a process of proceeding in two steps. It was, I think, you know, the notice was premature only in the sense that the Petitioner filed the wrong document. He ignored the statutory instruction to file a motion to reopen and instead filed a notice of appeal. But I think that just reinforces the point that in order to file a notice of appeal going all the way back to Curry in 1848, you must file the notice of appeal in accord with the statutory process. And here, the statute is very specific about when that notice of appeal must be filed. When? During the period after entry of the order on reopening but before the next 14 days. So to be clear, are you quibbling with the Court's decision to construe the notice of appeal as a motion to reopen? Not at all, Justice Jackson. All right. So you say there are two steps, and he clearly, you know, messed up on the first step. The Court cured it by saying we're going to treat this as a motion to reopen. I guess I don't understand why they also can't treat the second step as having been satisfied by the early filing of the document. I think it's because of Bowles, Your Honor. Recall that in Bowles, the Petitioner there filed a motion to reopen but then ultimately filed the notice of appeal too late, after the 14-day period. And the Court said it's a very harsh result, but the statutory text simply dictates the period when that notice of appeal must be filed. No, I understand. But he didn't file a notice of appeal. In this case, he did. And it was the Court that construed it as the threshold motion to reopen. And it just seems odd to me that having construed a document as a motion to reopen for the purpose of allowing for a document to be filed called a notice of appeal, when you have the document there, why couldn't the Court also then say, okay, we have the notice of appeal within the window that we've just opened, and we're done? Because there's no general practice. Your Honor, as you were describing in the colloquy with my friends, is exactly right. That with lots of different kinds of documents, courts do file this procedure. You make a motion to a law genamicus brief and you attach the brief. Motion to file an amended complaint. But it doesn't happen with jurisdictionally significant documents like a notice of appeal. The complaint is not a jurisdictionally significant document? It has jurisdictional significance, obviously, in some respects, Your Honor. No, I mean, let's explore this because this is, I think, really the key to it, right? Suppose that instead of filing a single document called the notice of appeal, Mr. Parrish had filed a notice of appeal and stapled to the front of it was a motion to reopen. In that situation, if the district court had found that the criteria to open were satisfied, are you saying that Mr. Parrish would have had to send in a new notice of appeal? As presently constituted, yes, because the rules are clear about that. But I think this is actually in the interest of the court. The one that the district court got to begin with would not be enough? Yes. Because it was filed too early? Presently, because of the way that the rule text is written. But I think this is very important, and I think that perhaps the best thing that this court could do in this case would be to instruct the rules committee to adopt a new rule that would look very much like that one. I do think that's consistent with the statutory text, and the reason why is this court's decision in first tier. First tier explains that you cannot change the jurisdictional period when a notice of appeal must be filed. That's always jurisdictional. But, importantly, the rules committee does have the power to enact rules that change how documents get filed. The best example is Rule 4C. I guess what I don't understand is that if you can construe this very document as a motion to reopen for the purpose of all of the jurisdictional consequences that you're describing, I don't understand why you can't also construe that very document as a timely filed notice of appeal. It's because, Your Honor, this court has said over and over again that the rule of liberal construction for pro se filers can accommodate looking at the substance of a document and understanding it to be something else. But, importantly, the court cannot reconstrue when something is filed. That's the whole point of the court's holding in Bolz, is that there are limitations on the judicial discretion of construing something. And you can't just construe the thing to have been filed at a different time. So, in a situation where the rules describe when the document must be filed for jurisdictional purposes, and 2107C is such an instruction, it must actually be filed during that period. But, again, consider the prison mailbox rule. The prison mailbox rule, which we have no problem with, is a rule whereby the rules committee has provided an opportunity for certain filers to ensure that their filing gets made during the jurisdictional period. And I think, actually, importantly, Rule 4A2 also works this way. I would urge the court to take a look at the way in which Rule 4A2 is written. It's written awkwardly and very precisely. It says that the document will become, the notice of appeal will become effective on and after the relevant, the entry of the judgment that authorizes the notice of appeal. It's written that way, I think, precisely because the purpose of the rule is to transport the filing into the jurisdictional period. And we think that is within the rules committee's power, for the same reason why the prison mailbox rule is within the rules committee's power. But we don't have any rule like that as we sit here today. Perhaps the rules committee should enact one. And I think that, as we've discussed this morning, there's every reason to think that the rules committee will carefully study this issue. And if the rule that my friends advocate is a good one, they may well adopt a rule very much like the one that Justice Jackson has suggested. File a motion to reopen and attach a notice of appeal, and then an instruction to the clerk to file that notice of appeal during the jurisdictional window. But the rules committee, with all respect, is much better suited than this court to undertake the process of developing those rules. This court, I mean, just acting by sort of one-off judicial decisions to deal with sympathetic litigants in individual situations. The committee undertakes, as the court is aware, a complicated process of study. Congress has the opportunity to weigh in. We're going to get a better overall rule if the rules committee is allowed to do its work. Counsel, you make much of the expressio unius doctrine in your brief. You heard counsel's effort to distinguish that. Do you have any comments on that? Yes, Your Honor. So I think that Your Honor's opinion for the D.C. Circuit in outlaw is exactly right in two important respects. I wasn't fishing for that, but you can go ahead. Outlaw is important most of all because of what it had to say about this court's opinion in first tier. So as I think the Solicitor General helpfully explained here today, the reopening principle is not as broad as petitioner advocates. And I think it's really quite important that this court's decision in this case reject the sort of universal ripening principle whereby it's okay to file something too early. The reason that first tier is very clear about that. First tier says that yes, although there was at common law a certain ripening principle, it was never as broad as the one advocated by the petitioner. Instead, that ripening principle existed only to excuse reasonable mistakes about when a notice of appeal should be filed. And as I mentioned, because the statutory text here is so clear, there's really no corresponding situation where a petitioner makes a reasonable mistake about when the notice of appeal is supposed to be filed. The Solicitor General agrees that our understanding of that statutory text is clearly the best one. And that is what I take to be the core thrust of the court's opinion in first tier and Your Honor's opinion in outlaw recognizes. It said precisely because first tier recognized that the principle, the common law principle is more limited and has been codified in a more limited way. We as judicial officers in individual cases are not free to embrace a sort of universal ripening principle. Well, if there is a ripening principle of some scope, some limited scope, what argument would there be that it should not encompass the situation here? What reason might there be for holding or concluding as a matter of policy, if this were sent back to the Rules Committee, that the principle should not apply in this situation? I think there are two, Your Honor. The first is that, and this is a situation that has actually played out in the real world in several of the cases that gave rise to this circuit split. You've seen two principle problems. False start appeals, number one, and second, sort of misunderstanding about court clerks, court administrative staff in the docketing and processing of the appeals. Both of them happened here. Both of them happened in the Winters case from the Sixth Circuit and the Holden case for the Third Circuit. So if you file a premature notice of appeal, recall that it divests the district court of jurisdiction. The case will, in many cases, be transferred out of the district court immediately and into the court of appeals. But that's a mistake. Why? Because under the statute, it has to be the district court that decides the motion to reopen. So you get this sort of circuitous process where the court of appeals has to send it back, and then we have to put the appeal back on track. Now, I'm not trying to say that's an impossible problem to solve, but it should be discouraged. Petitioners should be discouraged from proceeding as this petitioner did. But those are different situations from the situation in this case, right? Well, that's what happened in this case, Your Honor, because the petitioner filed a notice of appeal instead of a motion to reopen. The case got sent to the court of appeals, and the court of appeals had to send it back. Doesn't every other circuit, and that's every one but this one, say that the sent-in early notice of appeal ripens upon reopening? Yes. So it's a pretty straightforward rule. Every other circuit has it. It's pretty clear when the process starts. Well, but, Your Honor, I think the problem is, again, in order to get to those decisions, a couple of the courts of appeals had to first sort of reroute the process that the statute lays out, where the district court decides the motion to reopen first. Courts of appeals had to grab the case, decide what to do with the mistake in filing. But they won't now. Well, I think that only reinforces the point, I think. Well, it reinforces the point that you would like the Rules Committee to decide this and not us. But in the interim, what you're asking us to do is to make the rules unfair to pro se litigants, who already didn't get timely notice to appeal because they didn't get notice within the 30 days. All right? And now they're supposed to get notice within 14, and given the way the post office is working, it's unlikely they're going to receive any notice in 14 days. So, Justice Sotomayor, it's... Give it to the post office, give it to the prisons, but the likelihood of a prisoner receiving timely notice enough to file in time is next to nothing. So if I might make two points in response to that. The first is it's not me who's seeking to make the rule unfair. I'm here advocating that the court... Yes, but you could advocate a reading that's totally consistent with background principles, not addressed directly by 4A, and so you're... I know, we appointed you as amici. But he was appointed to defend the judgment below. Justice Sotomayor, the... I don't think... I don't think we've ever had an amici come in and say, the judgment was wrong. No, the judgment was not wrong. Certainly the judgment should be affirmed. But the principle reason why is the operative statutory text here in 2107C, as the Solicitor General agrees, does not allow what Petitioner did here. So in order to get there, you have to say, we're going to sort of excuse noncompliance with 2107C because we're going to incorporate this background principle. I think the fundamental problem with that is that the background principle is actually not nearly as broad as the one that Petitioner needs in order to justify what happened here. If you're right about what 2107 means, doesn't that mean that the Rules Committee is going beyond what the statute says, even with respect to the provisions in Rule 4 now, let alone to any that they might issue with respect to this situation? The answer is no, Your Honor. We think Rule 4A2 is faithful to the statutory text, and it's because the Rules Committee has been careful to write the rule in a way that respects the jurisdictional nature of 2107A. And, again, that just gets back to that text and the way that that rule is written. First tier discusses this. I mean, the argument presented to the Court in first tier was, Rule 4A2 exceeds the jurisdiction. Rule 4A2 is improper because it goes beyond what the statutory jurisdiction conferred by 2107A. The Court said, no, it doesn't do that, because it's not a rule that changes the time in which the document must be filed. That's the jurisdictional period. Instead, it's a rule, 4A2 is a rule about how that document gets filed, akin to, again, the prison mailbox rule that decides when and how something is being filed. So I think I'm not understanding. Are you saying that the Rules Committee could or could not issue a rule that's similar to the one that the petitioner asks us to reach? I think that the Committee could enact a rule that is similar, but it has to... Consistent with 2107. Consistent with 2107 and consistent with its text, so long as that rule is crafted in a way that respects the jurisdictional period. Well, I don't understand. What does that mean? What could the Rules Committee do that we can't do right now? So I think the Rules Committee could enact a rule that would say that you can file a motion for reopening in the District Court, which is clearly what 2107C instructs, and then you can attach to that a conditional notice of appeal or a proposed notice of appeal. And the court clerk, the Rules Committee, would direct the court clerk to file that notice of appeal within the jurisdictional window. That's going to solve the problems of this case and all of the ones that gave rise to the circuit split. But that's not a principle that we have in the rules at present for jurisdictional filings that divest the Court of Appeals of Jurisdiction. We typically don't allow notices of appeal to sort of lie in wait. Maybe it would be a good idea to authorize this filing in this circumstance for partly the reasons that Justice Sotomayor describes. But I think, again, that's a thing that the Rules Committee needs to do. And the important reason why it's not just better as a policy matter for the Rules Committee to undertake that, but why I think it's actually compelled to be the Rules Committee that does it, is that, remember, when we're talking about a rule, we're talking about something that's been authorized by another act of Congress, the Rules Enabling Act. So you have two different sources of authority. You've got a jurisdictional limitation set out in 2107A, but you've also got an authority from Congress to make rules to implement that. That doesn't happen in a situation where the Court is just hearing individual cases. Maybe I'm looking at the wrong statute, but 2107 doesn't say anything about what the defendant has to do. Isn't it only speaking to the district court? The district court may extend the time for appeal. The district court may reopen the time for appeal for a period of 14 days from the date of entry or the order reopening the time for appeal. Yes, of course, Your Honor, that's right. The district court has to reopen the time for appeal. The only — For a period of 14 days. Precisely. So what about that precludes the district court from considering a notice of appeal that has been filed as timely within that 14 days? I think it's because, as the Solicitor General agrees, 2107C, the provision that you were just reading, incorporates the general principle of 2107A, that an appeal within the time for appeal, that's the statutory text of 2107C, an appeal must always be taken by the would-be — you know, the appellant filing a notice of appeal. That's 2107A. That's, of course, the general way that — that's the only way that notices of appeal can — that appeals can ever be taken under 2107A, is that the appellant must file a notice of appeal. And then 2107C describes when that notice of appeal has to be filed. Within a period of 14 days that has both an end point and a beginning point, it runs from entry of the order on the motion for reopening. No other provisions of 2107 are written in this specific way. And I think the specificity that Congress used to reference the period of 14 days is among the strongest evidence that Congress, when it thought of this particular situation, was intentionally reaching a balance. Yes, Congress wanted to create an opportunity for a litigant who missed — who did not receive notice of the judgment to file a notice of appeal. But it only created a very limited and particular window in which to do that. And that's because, obviously, the judgment-prevailing party's interests in the finality of that judgment go stronger and stronger as we move further and further away from entry of the judgment. So — Well, isn't that the reason for a 14-day limit? And so it can't be filed months later, obviously. But if something's already been filed or filed within the 14 days, that concern that you just raised, I don't think, is present. I think it's the reason for both of the 14-day periods that are referenced in 2107C, Your Honor. I think clearly Congress was attempting to strike a balance, and it was attempting to be quite demanding on a situation like the one facing Petitioner about what you must do, when you get notice, and when you must do it. And Bowles is the surest proof of that. Obviously, the Court is saying in Bowles that if you fail to scrupulously comply with the 14-day deadline, even in arguably like the most sympathetic circumstance that I can think of, we, the Court, are going to enforce that jurisdictional term. I think our point is just simply that the jurisdictional nature of this statute runs both at its end point and at its beginning point because of the particular text that Congress used in this provision. Counsel, your argument throughout most of your brief sort of puts emphasis on turning square quarters in this area because it's jurisdictional. And then on page 42, you said, well, if you don't like that, we'll leave it up to the discretion of the district court. Do you want to say a little bit more about the discretionary approach? Your Honor, I mean, this is an argument in the alternative. Our point, we think, you know, we absolutely contend that just as in Bowles, there's a jurisdictional period that Congress created, and by default, there is no judicial discretion to sort of forgive it in individual cases. If the Court rejected that, I do think that in order for a petitioner to win the case, they need an exercise, they need a deeming of one thing to happen at a different time. And I think that is very much an argument that sounds to me in judicial discretion. So petitioner needs to go to the court of appeals or the district court, as the case may be, and say, please take my document that was untimely and deem it to have been filed at another time. They analogize it to the common law nunk-pro-tunk authority. But that was always an equitable authority. And I think our point is just simply that on the particular facts here, where the court of appeals said, not only did you fail to file the statutory text and the rule text, you also disregarded the specific instructions that were given by the district court to file a notice of appeal. On that basis, we're not going to allow your notice of appeal to ripen. I think that would be a reasonable and not an abuse of the court of appeals discretion on the particular facts here if the court concluded that the deeming authority is available at all. In which case, again, I think it's something that sounds in judicial discretion. Justice Thomas? No? Anything further? Thank you, counsel. Thank you, Your Honor. Rebuttal, Ms. Rice? There's been quite a bit of focus today on the rules for understandable reasons. I think the rules question is straightforward, and this court should answer it. The rules don't speak to ripening in the post-judgment context, and so they don't displace settled practice in that area. But the main question before this court is about the statute. The Fourth Circuit read the statute to impose a jurisdictional second notice requirement. I take my friend's statutory two-step to be functionally the same thing. That's wrong. Nothing in the text of subsection C displaces the background rule. We usually construe statutes to incorporate background rules unless they say otherwise. We also usually construe provisions that operate across multiple subsections to work the same way. I think that's true of subsection A here, the notice of appeal requirement. We also don't usually construe statutes to defeat their purpose. This was about creating a mechanism for litigants who don't get notices of judgments to reopen their time for appeal. It was not about setting a trap for the unwary. So we're not excusing compliance with a jurisdictional requirement here. There just is no jurisdictional requirement to begin with. Were it otherwise, I think first tier was wrong and rules 4A2 and 4A4 have to be invalid. My friend's concession that the Rules Committee could enact a ripening rule for this context I think effectively acknowledges as much. I don't see how the Rules Committee could do that if the statute jurisdictionally required a second notice here. There are no further questions. Thank you, Counsel. Mr. Houston, this Court appointed you to brief and argue this case. This is an amicus curiae in support of the judgment below. You have ably discharged that responsibility for which we are grateful. The case is submitted.